**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN R. WHITFIELD,<br><br>               **Plaintiff**,<br>   v.<br><br>EXECUTIVE REALITY AND INVESTMENTS, AND MARY ANN REIMERS,<br>               **Defendants.** | CV F 06-1047 AWI SMS<br><br>ORDER CONTINUING ORDER TO SHOW CAUSE |

      On August 10, 2006, Plaintiff filed this lawsuit alleging statutory violations of 15 U.S.C. § 1693 *et. sec.*   Other than filing the complaint, Plaintiff took no further action in this lawsuit.

      On April 5, 2007, the Clerk of the Court issued a minute order notifying Plaintiff that this action had been placed on the court's May 21, 2007, calendar for an Order to Show Cause why this case should not be dismissed for lack of prosecution.   On May 16, 2007, the Clerk of the Court issued a second minute order because Plaintiff apparently had not been served by mail with the April 5, 2007 minute order.    In the second minute order, the Clerk of the Court reset the Order to Show Cause for June 11, 2007 at 01:30 p.m. in Courtroom 2.   Plaintiff was to file any opposition to dismissal five court days prior to the hearing.

      On May 31, 2007, Plaintiff filed a notice of his intent to file an amended complaint. Plaintiff asks that this court not dismiss this action.

      On June 8, 2007, the Magistrate Judge reviewed this action.   Upon review, the Magistrate Judge determined that Plaintiff neither paid the filing fee nor filed an application to proceed in forma pauperis.    The Magistrate Judge then ordered Plaintiff to pay the filing fee or

file an application to proceed in forma pauperis within thirty days.

On June 11, 2007, the court held a hearing on the order to show cause. Plaintiff did not appear at the hearing. Plaintiff did telephone the Clerk of the Court prior to the hearing and indicated that he was unable to attend the hearing. At the hearing, the court directed Plaintiff to comply with the Magistrate Judge's order.

A court may dismiss a lawsuit, with prejudice, based on a party's failure to prosecute or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9thCir. 1992). The court finds that dismissal is not warranted at this time. Plaintiff did respond to the court's order to show cause and has not completely abandoned this action. However, Plaintiff must begin prosecuting this action or it will be dismissed. The review of the docket reveals that Plaintiff has not paid the filing fee or filed an application to proceed in forma pauperis. In addition, Plaintiff has not served the complaint on Defendants. Plaintiff is advised that before the court will set a status conference, the issue of Plaintiff's filing fee must be resolved. In addition, if Plaintiff desires to amend the complaint, he must do so within thirty days.

Accordingly, the court ORDERS that:

1. The court's order to show cause is continued for forty-five days;
2. Plaintiff is ORDERED to comply with the Magistrate Judge's June 8, 2007 order;
3. Plaintiff is ORDERED to file any amended complaint within thirty days of this order's date of service;
4. Plaintiff is FOREWARNED that failure to comply with the Magistrate Judge's June 8, 2007 order, this order, or to prosecute this action will result in this action's dismissal for failure to prosecute.

IT IS SO ORDERED.

**Dated:    June 11, 2007**              /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE