UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>        Plaintiff,<br><br>  v.<br><br>JOSEFINA SANDOVAL, et al.,<br><br>        Defendants. | 1:06-cv-01047-AWI-SMS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND (DOC. 16) |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is Plaintiff's second amended complaint filed on August 24, 2007.

I. <u>Screening the Complaint</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).[1]

### A. Screening Standard

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must

---

[1] The Court will screen the complaint and any amended complaint that is filed and will issue an order determining that claims against specific defendants have been stated before the Court will direct that the complaint be served on any defendant.

2

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.

3

Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### B. Plaintiff's Second Amended Complaint

Plaintiff alleges that his action is authorized by 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act.

Plaintiff alleges that on three occasions, namely, on or about July 5, 2006, November 13, 2006, and January 1, 2007, Defendants filed and served Plaintiff with a notice which stated to tenants and all persons in possession that they were notified that they were demanded to pay rent or quit within three days of receipt of the notice. Plaintiff alleges that this violated Plaintiff's statutory rights within the meaning of 15 U.S.C. § 1692g, which requires thirty days' notice for disputing a debt. He also alleges that it constituted a violation of Plaintiff's

rights under § 1692e(5), which prohibits debt collectors from using, in connection with the collection of any debt, a threat to take any action that cannot legally be taken or that is not intended to be taken.

Title 15 U.S.C. § 1692g provides in pertinent part:

> (a) Notice of debt; contents
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a <u>debt collector</u> shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>   (1) the amount of the debt;
>   (2) the name of the creditor to whom the debt is owed;
>   (3) <u>a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector</u>;
>   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (Emphasis added.)

Title 15 U.S.C. § 1692a(6) defines a "debt collector" as follows:

> (6) <u>The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.</u> Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of

5

section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. <u>The term does not include</u>–
(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
<u>(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity</u> (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; <u>(ii) concerns a debt which was originated by such person;</u> (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor. (Emphasis added.)

Plaintiff has not alleged facts reflecting that either of the named Defendants, Josefina Sandoval and Martha Martinez, constitute debt collectors within the meaning of the statute.

Plaintiff's previous complaint, the first amended complaint, also suffered from this defect. In its order dismissing Plaintiff's first amended complaint with leave to amend, the Court informed Plaintiff of the fact that only debt collectors are regulated by the pertinent statute, and further that

6

1  Plaintiff would have the opportunity to allege facts showing that
2  the Defendants were debt collectors who were regulated by the
3  statute. (Order pp. 5-6.) However, Plaintiff has failed to allege
4  any facts showing that Defendants are debt collectors within the
5  meaning of the statute. It thus appears that Plaintiff has not
6  stated a claim pursuant to the statute.
7  Further, the Court concludes from Plaintiff's failure that
8  Plaintiff cannot allege facts showing that the Defendants are
9  debt collectors regulated by the federal statute pursuant to
10 which Plaintiff seeks to proceed.
11 II. Recommendation
12 Accordingly, it IS RECOMMENDED that Plaintiff's second
13 amended complaint BE DISMISSED without leave to amend.
14 This report and recommendation is submitted to the United
15 States District Court Judge assigned to the case, pursuant to the
16 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
17 Local Rules of Practice for the United States District Court,
18 Eastern District of California. Within thirty (30) days after
19 being served with a copy, any party may file written objections
20 with the Court and serve a copy on all parties. Such a document
21 should be captioned "Objections to Magistrate Judge's Findings
22 and Recommendations." Replies to the objections shall be served
23 and filed within ten (10) court days (plus three days if served
24 by mail) after service of the objections. The Court will then
25 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
26 (b)(1)(C). The parties are advised that failure to file
27 objections within the specified time may waive the right to
28 appeal the District Court's order. Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 25, 2007**                         **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE