UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEFINA SANDOVAL, et al.,<br><br>    Defendants.<br>_____/ | 1:06-cv-01047-AWI-SMS<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 17)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** (Doc. 16) |

   Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

   On October 26, 2007, the Magistrate Judge reviewed Plaintiff's second amended complaint.  The Magistrate Judge determined the complaint failed to state a claim, and she filed Findings and Recommendations that recommended the complaint be dismissed without leave to amend. The Findings and Recommendations were served on Plaintiff and gave notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On November 15, 2007, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper

1 analysis. The act under which Plaintiff sues concerns actions taken by debt collectors. The
2 definition of a debt collector is quite narrow, and it includes a "person who uses any
3 instrumentality of interstate commerce or the mails in any business the principal purpose of
4 which is the collection of any debts, or who regularly collects or attempts to collect, directly or
5 indirectly, debts owed or due or asserted to be owed or due another . . . the term includes any
6 creditor who, in the process of collecting his own debts, uses any name other than his own which
7 would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. §
8 1692a(6).  Here, there are no allegations that Defendants are in the primary business of
9 collecting debts.  Plaintiff admits that Defendants are his landlords and they were attempting to
10 collect back rent.  The term "debt collector" does not include "any person collecting or
11 attempting to collect any debt owed . . . to the extent such activity . . . concerns a debt which was
12 originated by such person. Id.  Thus, Plaintiff has not provided a reason to not adopt the
13 Findings and Recommendations.

14     Normally, the court would give a pro se litigant such as Plaintiff notice of a complaint's
15 pleading deficiencies and an opportunity to amend prior to dismissing an action. See Lopez v.
16 Smith, 203 F.3d 1122 (9th Cir. 2000); Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).
17 Here, Plaintiff has already been given one opportunity to amend the complaint, and the
18 complaint's deficiencies remain.  Plaintiff is either unable or unwilling at allege facts that would
19 state a claim.

20     Accordingly, IT IS HEREBY ORDERED that:
21     1.   The Findings and Recommendations, filed October 26, 2007, are ADOPTED IN
22          FULL;
23     2.   Plaintiff's second amended complaint, filed August 24, 2007, is DISMISSED
24          without leave to amend; and
25     3.   The Clerk of the Court is DIRECTED to close this file.
26 IT IS SO ORDERED.
27 **Dated:   November 27, 2007**              /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE
28